# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **MARK ALAN COLLEY** | **CIVIL ACTION NO. 07-365-P** |
| **VERSUS** | **JUDGE HICKS** |
| **RED RIVER PARISH, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Mark Alan Colley ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 26, 2007. Plaintiff is incarcerated at the Bossier Parish Medium Correctional Facility in Plain Dealing, Louisiana. He claims his civil rights were violated during his state criminal trial proceedings. He names the Parish of Red River, Assistant District Attorney Robert Bethard and District Attorney William R. Jones as defendants.

Plaintiff claims Assistant District Attorney Robert Bethard, under the direction of District Attorney William R. Jones, violated his constitutional rights during his state criminal trial proceedings. He claims he was arrested on September 5, 2006. He claims he was not given a hearing within ten days as required by La. C.Cr.P. art. 900 so he filed an

application for a writ of habeas corpus regarding the alleged probation violation and a motion for a fast and speedy trial regarding the aggravated burglary charge.

Plaintiff claims that on October 17, 2006, he appeared in court for a pretrial conference. He claims he refused to accept a plea offer as to the aggravated burglary charge because he is innocent.

Plaintiff claims the arrest warrant for his felony bail jumping charge did not come into existence until October 18, 2006, even though he was arrested on September 5, 2006 for this charge.

Plaintiff claims that on October 30, 2006, he appeared in court for his scheduled trial date and this trial date was reset for February 2007. He claims he again refused a plea offer. He claims his application for a writ of habeas corpus was not addressed by the court during this appearance.

Plaintiff claims he repeatedly told his court appointed attorney Brian McRae to file a motion to suppress his statement because it was coerced. He claims Brian McRae failed to file a motion to suppress.

Plaintiff claims the probation revocation hearing scheduled for January 16, 2007 was reset for a later date.

Plaintiff claims that on January 18, 2007, he filed a motion to lift the illegal probation hold. He claims a hearing on this motion was set for February 13, 2007.

Plaintiff claims that on February 5, 2007, he appeared in court for a pretrial

conference regarding the aggravated burglary charge. He claims he again rejected a plea offer and his trial was set for February 26, 2007. He claims Robert Bethard told him that if he rejected the plea offer he would receive a sentence of 20 years to life.

Plaintiff claims that on February 13, 2007, he appeared in court with his new attorney for a hearing regarding his motion to suppress. He claims his motion to lift the illegal probation hold was not addressed during this appearance.

Plaintiff claims that on February 26, 2007, his scheduled trial was passed over by the court.

Plaintiff claims that on March 1, 2007, he filed a motion to address constitutional violations and a motion to lift the illegal probation hold. He claims Judge Sams refused to sign both motions.

Plaintiff claims that on March 20, 2007, he appeared in court for a pretrial conference regarding the aggravated burglary charge and the felony bail jumping charge.

Plaintiff claims that on April 24, 2007, he appeared in court for a probation revocation hearing. He claims his probation officer terminated his probation retroactive to February 23, 2007. He claims Judge Sams threatened to transfer his case to another judge if he refused the plea offer. He claims Judge Sams also refused to rule on the motion to suppress. He claims he pleaded guilty to a reduced charge of simple burglary and the felony bail jumping charge was dismissed. He claims he was given credit for time served and sentenced to three years of probation and a fine. He claims the only evidence presented

against him by the State was his coerced statement.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Parish of Red River**

Plaintiff names the Parish of Red River as a defendant in this action. However, Plaintiff fails to make any allegations in his complaint or amended complaint against the Parish of Red River. Accordingly, the Parish of Red River should be dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e).

**District Attorney William R. Jones and Assistant District Attorney Robert Bethard**

Plaintiff claims Assistant District Attorney Robert Bethard, under the direction of District Attorney William R. Jones, violated his constitutional rights during his state criminal trial proceedings. He claims his probation revocation hearing was untimely. He claims the State failed to prosecute him in a timely manner after he filed a motion for a fast and speedy trial. He claims there was no warrant to arrest him for felony bail jumping on September 5, 2006. He claims the State presented insufficient evidence to support his guilty plea to simple burglary. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the

immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney and Assistant District Attorney as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.

Accordingly, Plaintiff's civil rights complaint against District Attorney William R. Jones and Assistant District Attorney Robert Bethard should be dismissed as frivolous.

**Judge Sams**

Plaintiff claims Judge Sams violated his right to a fast and speedy trial, failed to rule on his application for a writ of habeas corpus, motion to lift illegal probation hold, motion to suppress and motion to address constitutional violations and accepted his guilty plea which was supported only by his coerced statement. He also claims Judge Sams threatened to transfer his case to another judge if he did not accept the plea offer. Plaintiff cannot allege claims against Judge Sams. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2)

that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Sams should be dismissed as frivolous.

**Attorney Brian McRae**

Plaintiff claims his court appointed attorney Brian McRae failed to file a motion to suppress and encouraged him to accept a plea offer. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra);

United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Brian McRae should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 15th day of August 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE